McMILLAN, TRUSTEE, *vs.* S. T. & E. J. KNAPP *et al.*

CLAIM, FROM CITY COURT OF SAVANNAH. Debtor and Creditor. Assignments. Laws. Construction of Statutes. (Before Judge Harden.)

Hall, J.—1. Where one who made a voluntary assignment for the benefit of creditors omitted from the schedule attached thereto the right

of redemption which he had in certain premises which he had conveyed for the security of a debt, the omission was fatal to the assignment. Turnipseed *et al. vs.* Schaeffer *et al.*, (decided to-day.)

2. Where the affidavit verifying the schedule of assets attached to a voluntary assignment for the benefit of creditors stated that it contained "a true, complete and perfect schedule of all the property of which I am possessed, both real and personal, including my stock in trade, accounts, promissory notes, executions and real estate, all of which is markrd exhibit A, and household and kitchen furniture," this did not meet the requirements of the statute, which provides that the assignor shall swear that the schedule attached is a full and complete inventory and schedule of all the assets of every kind held, claimed or owned by him at the execution of the deed of assignment. The affidavit made covers only the property actually in the assignor's possession and under his control at the time the assignment was made.

Judgment affirmed.

Lester & Ravenel ; A. B Smith, for plaintiff in error.

Garrard & Meldrim; J. S. Schley; C. N. West; Richards & Heyward; Lawton & Cunningham, for defendants.